```
              IN THE UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                 *
JOSE RAMON GARCIA,
                                 *
      Plaintiff,
                                 *      CIVIL NO.: WDQ-06-2409
v.
                                 *
ADVANCED MARKETING SERVICES,
                                 *
      Defendant.
                                 *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

Memorandum Opinion

Jose Ramon Garcia has sued Advanced Marketing Services ("AMS") for discrimination based on age and national origin. Pending is a motion to dismiss or in the alternative for partial summary judgment filed by AMS. For the following reasons, Garcia's national origin claim will be dismissed and his remaining claim will be limited by the timing of the filing of his claim with the EEOC.

I.    Analysis

AMS has moved to dismiss the national origin claim, arguing that Garcia's failure to include national origin in his EEOC claim means that he has failed to exhaust his administrative remedies with respect to national origin. In addition, AMS has moved to limit the time period in which the discriminatory practice may have occurred, arguing that, under Title VII, he is

precluded from litigating any event that occurred more than 300 days prior to the filing of his EEOC claim.  Garcia has not filed an opposition to the pending motion.

A.   Standard of Review

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997) *aff'd* 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*

When dealing with a *pro se* party, the Court construes their complaints liberally.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Id*.  This leniency is greater in civil rights suits.

*See id.*

B.   Discussion

A claimant under Title VII must exhaust his administrative remedies by filing a claim with the EEOC.  *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).  Indeed, where "the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred."  *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Although Garcia has filed a complaint with the EEOC, he has failed to exhaust his administrative remedies as to discrimination based on natural origin.  In his EEOC complaint Garcia only checked the box for age discrimination, leaving the box for natural origin empty.  Mem. Supp. Mot. Ex. 1 at 1 (Garcia's EEOC complaint).  Moreover, in his statement of the particulars Garcia stated that: 1) he "was discharged because [he] was unable to lift pallets [he] was instructed to lift;" and 2) he believes he has "been discriminated against . . . because of [his] age, 65."  *Id*.  No reference is made to discrimination based on natural origin nor does he even mention his country of origin.  *Id*.

As Garcia filed charges with the Maryland Human Relations Commission and Anne Arundel County, Title VII requires that he

3

file his complaint with the EEOC within 300 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  The Court notes that it is not clear from the record the exact date Garcia filed with the EEOC.  To the extent that Garcia is alleging that conduct occurring more than 300 days before that filing date was discriminatory, his complaint is barred.

II.  Conclusion

For the reasons discussed above, AMS's motion to dismiss the national origin claim and to limit the time period will be granted.

<u>December 13, 2006</u>                    <u>          /s/                </u>
Date                                 William D. Quarles, Jr.
                                     United States District Judge